Filed 3/20/25  P. v. Alvarado CA2/1

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RAMON ALVARADO, <br><br> Defendant and Appellant. | B335351 <br><br> (Los Angeles County Super. Ct. No. LA098597) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Andrea C. Thompson, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

A jury convicted Ramon Alvarado of bringing contraband into a jail. He contends there was insufficient evidence to support the conviction because no evidence demonstrated he was given an advisement that it was illegal to bring contraband into the jail. We disagree, and thus affirm the judgment.

## BACKGROUND

On January 29, 2023, Los Angeles Police Department Officers Kevin Ramos and Adrian Ponce positioned their patrol car outside Alvarado's motel room and instructed him to exit the room and surrender. He did so approximately six minutes later and was transported to the Van Nuys jail, where he was handcuffed to a bench in a holding area for about 30 minutes prior to being taken to the jail proper.

After Alvarado was in the holding area for 30 minutes, the officers conducted a strip search that produced a clear plastic bag containing 3.41 grams of methamphetamine that Alvarado had secreted in his anal cavity.

Police testified to these facts at trial.

Alvarado was convicted of violating Penal Code section 4573 and sentenced to the mid term of three years in prison.[1]

## DISCUSSION

Alvarado contends insufficient evidence supports the conviction because no evidence established he intentionally brought the packet containing methamphetamine into the county jail. This is so, he argues, because no evidence established he

---

[1] Undesignated statutory references are to the Penal Code.

2

was given an advance advisement or warning regarding the prohibition against bringing contraband into a jail.

It is a felony for an individual to "knowingly bring[ ] . . . into any county . . . jail . . . any controlled substance" the individual is not authorized to possess. (§ 4573, subd. (a).) Section 4573 applies to anyone who "knowingly and voluntarily" brings a controlled substance into a penal institution without authorization, including arrestees being booked for another crime. (*People v. Gastello* (2010) 49 Cal.4th 395, 397 (*Gastello*).) The mens rea is the defendant's knowledge that he possessed the controlled substance and that the location was a jail. (*People v. Low* (2010) 49 Cal.4th 372, 381-387 (*Low*).) It is "immaterial that the defendant was in custody and not present by choice in jail" when the contraband drugs were found during an initial booking search. (*Gastello*, at p. 402; see also *Low*, at p. 386 & fn. 8.)

In *Gastello*, an officer stopped the defendant while he was riding his bike and holding a knife, arrested him for being under the influence of a controlled substance, and searched him in the jail, finding methamphetamine in his sweatshirt pocket. (*Gastello*, *supra*, 49 Cal.4th at p. 397.) Our Supreme Court held Gastello knowingly and voluntarily brought the drugs into the jail and noted that "[t]he critical fact" for ensuring voluntariness "is that an arrestee has the opportunity to decide whether to purge himself of hidden drugs before entering jail, or whether to bring them inside and commit a new crime under section 4573." (*Id.* at p. 402.)

In *Low*, the defendant was arrested while driving a stolen vehicle, ignored a warning by the arresting officer that controlled substances could not lawfully be brought into jail, and was found to possess methamphetamine in the band of his sock. Our

3

Supreme Court held "[t]his evidence suggests that defendant . . . knew before he entered the facility about the packet concealed on his person and about the character of the substance inside . . . . [¶] Substantial evidence thus supports the conclusion that defendant acted with the mental state contemplated by section 4573. No additional intent or purpose . . . was required." (*Low, supra*, 49 Cal.4th at p. 387.)

When considering a challenge to the sufficiency of the evidence to support a conviction, we review "the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Avila* (2009) 46 Cal.4th 680, 701.)

The facts in this case are materially indistinguishable from those in *Gastello* and *Low*, which govern the result here and mandate affirmance: Police testified at trial to facts establishing that Alvarado knew he possessed contraband, had an opportunity to dispose of it before being taken to jail, and knew he was bringing it into a jail.

Alvarado does not contend otherwise. He argues only that no evidence established he was given an advance advisement or warning regarding the prohibition against bringing contraband into a jail.

Neither section 4573 nor any other authority requires that such an advisement or warning be given. "As defined in the Penal Code, the term 'knowingly' involves '*only* a knowledge that the facts exist which bring the act or omission within the [relevant code] provisions.' (§ 7, par. 5, italics added.) It 'does not

4

require any knowledge of the unlawfulness of such act or omission.' " (*Low*, *supra*, 49 Cal.4th at p. 385.)

Alvarado correctly observes that the defendants in *Gastello* and *Low* were given and ignored advisements against bringing contraband into a jail, but neither court held such advisements were necessary nor that ignoring them was an essential element of the crime under section 4573.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED


M. KIM, J.


We concur:


BENDIX, Acting P. J.


WEINGART, J.

5